UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM C. BELL ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-6394** |
| **FOSTER WHEELER ENERGY CORP. ET AL.** | **SECTION I** |

ORDER AND REASONS
REGARDING MOTIONS IN LIMINE

Before the Court are the motions in limine filed by Crane Co.,[1] plaintiffs,[2] and York International.[3]

**I.    Crane Co.'s Motion in Limine Regarding Regulatory Statements**

Crane moves[4] to exclude plaintiffs from making references to regulatory enactments regarding asbestos and associated health hazards pursuant to Rules 401-403 of the Federal Rules of Evidence. Crane argues that any such regulatory statements are irrelevant, or at the very least unduly prejudicial, because regulatory standards are inherently conservative and do not establish legal causation.

The Court rejects Crane's argument that the regulatory statements are entirely irrelevant. "[T]he standard of relevance in an evidentiary context is not a steep or a difficult one to satisfy," *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014), and the mere fact that the statements do not

---

[1] R. Doc. No. 197; R. Doc. No. 200.
[2] R. Doc. No. 218; R. Doc. No. 219.
[3] R. Doc. No. 202.
[4] R. Doc. No. 197.

establish legal causation on their own does not make them legally irrelevant under Rule 401.  In addition, Crane's suggestion that regulatory statements are wholly irrelevant to this dispute is belied by its own expert's discussion of present regulatory standards related to asbestos.[5]  Accordingly, this Court is unconvinced that the regulatory statements at issue would be of no use at all to the jury when evaluating causation.

So the determinative issue with respect to the regulatory statements is Rule 403.  The Court is not persuaded—at this juncture—that the probative value of the regulatory statements would be substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, or wasting time.  After all, Rule 403 is meant to be applied "sparingly," *Baker v. Can. Nat./Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008), and Crane can use cross-examination regarding the conservative nature of regulatory statements to mitigate any unfair prejudice.

The Court determines that it will be in a better position at trial to decide whether the probative value of a particular regulatory statement is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time.  Crane's motion to exclude the regulatory statements is denied without prejudice to its right to renew the objection at trial.

---

[5] *E.g.*, R. Doc. No. 340-2, at 8.

**II.     Crane Co.'s Motion in Limine Regarding Post-Sale Products**

Crane moves[6] to exclude plaintiffs from arguing that Crane bears legal liability for any aftermarket products applied to Crane's valves post-sale. However, this Court has already rejected the legal argument that underlies Crane's motion.[7] Accordingly, the Court denies Crane's motion in limine without prejudice to Crane's ability to raise timely objections that evidence of a particular aftermarket component should be excluded because plaintiffs cannot demonstrate that Crane has legal liability for that component under the framework set out by this Court.

**III.    Plaintiffs' Motion in Limine to Exclude Evidence of Collateral Sources**

Plaintiffs move[8] for an order precluding all reference to collateral sources. However, plaintiffs do not actually point to any specific evidence or testimony that they want to be excluded.

This Court will enforce the collateral source rule just as it will follow the Federal Rules of Evidence. But without knowing which evidence or testimony that plaintiffs seek to exclude, the Court cannot analyze whether such evidence is excluded by the collateral source rule or would otherwise be inadmissible. Accordingly, the Court denies plaintiffs' motion without prejudice to plaintiffs' ability to raise more precise objections to specific exhibits and testimony.

---

[6] R. Doc. No. 200.
[7] *See* R. Doc. No. 352.
[8] R. Doc. No. 218.

**IV.     Plaintiffs' Motion in Limine to Exclude Evidence of Settlements**

Plaintiffs move[9] for an order precluding all reference to settlements under Rule 408. Again, however, plaintiffs do not actually point to any specific evidence or testimony that they want to be excluded. Without knowing which evidence or testimony plaintiffs seek to exclude, the Court cannot analyze whether such evidence is excluded by Rule 408 or would otherwise be inadmissible under Rule 403. After all, Rule 408 does not invariably ban all reference to settlements and settlement discussions. *See, e.g.*, Fed. R. Evid. 408(b). Accordingly, the Court denies plaintiffs' motion without prejudice to plaintiffs' ability to raise more precise objections to specific exhibits and testimony.

**V.      York's Motion in Limine**

York moves[10] for a variety of orders.

First, York moves for an order requiring the plaintiffs to disclose all Mary Carter settlements to the jury. However, the plaintiffs indicate that they have not entered any Mary Carter agreements. Accordingly, York's request is dismissed as moot.

Second, York moves for an order requiring the plaintiffs to disclose all settlements in this matter. Discovery has already closed. This Court is not going to allow York to do an end run around the discovery rules and motion practice. Accordingly, York's request is denied without prejudice. To the extent that York

---

[9] R. Doc. No. 219.
[10] R. Doc. No. 202.

believes that the settlement agreements are responsive to one of its requests for production for which there is a continuing obligation to produce, then York should follow the appropriate rules for filing a timely motion to compel.[11]

Third, York moves for an order precluding plaintiffs from referring to York as an asbestos company or as part of the asbestos industry.  The Court concludes that resolution of this issue is premature at the present juncture.  The Court has not yet determined whether the plaintiffs can demonstrate a genuine dispute of material fact as to whether York had any involvement with the asbestos on its equipment.  Therefore, York's request is denied without prejudice to York's ability to raise this argument after the Court resolves any motion for summary judgment by York.

Fourth, York moves for an order excluding non-party witnesses from the courtroom during trial unless they are testifying.  The Court anticipates discussing this issue with the parties at the pre-trial conference.  Accordingly, York's request is deferred until then.

Fifth, York moves for an order excluding any evidence or testimony regarding any other lawsuits involving York.  However, evidence is not inadmissible simply because it regards another lawsuit, and York does not actually point to specific evidence or testimony that it wishes to exclude.  Accordingly, York's request is denied without prejudice to its ability to move for exclusion of specific evidence or testimony.

---

[11] The Court hopes that the parties can resolve this issue without further intervention by the Court.

Fifth, York moves for an order excluding any mention of York's financial prosperity or the disparity in assets between York and the plaintiffs. Again, however, the Court is not prepared to grant York's overbroad request because York's financial assets may be relevant to some issues but not others. Accordingly, York's request is denied without prejudice to its ability to raise more precise objections at trial.

Sixth, York moves for an order excluding any mention that York is a "foreign" or "alien" corporation. The Court is unsure of what exactly York is asking it to exclude. Mentioning that York is a Pennsylvania corporation and that, by virtue of York's Pennsylvania locations, York had received warnings regarding the hazards of asbestos is likely fair game; arguing that York should be assessed higher damages because it is not from Louisiana is not. Accordingly, York's request is denied without prejudice to its ability to raise more precise objections.

Seventh, York moves for an order excluding any mention that counsel for York are "corporate" or "big firm" lawyers. Plaintiffs have advised the Court that they have no intention of doing so. Accordingly, York's request is dismissed as moot.

Eighth, York moves for an order to exclude any mention of the assets that York had to investigate or defend the case. Plaintiffs have advised the Court that they have no intention of bringing the issue up. Accordingly, York's request is dismissed as moot.

Accordingly,

**IT IS ORDERED** that Crane Co.'s motions in limine are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiffs' motions in limine are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that York International's motion in limine is **DENIED WITHOUT PREJUDICE IN PART**, **DISMISSED AS MOOT IN PART**, and **DEFERRED IN PART.**

New Orleans, Louisiana, October 5, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**