UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM C. BELL ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-6394** |
| **FOSTER WHEELER ENERGY CORP. ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendants' motion to strike witnesses from the plaintiffs' witness list.[1] Since defendants filed their motion, the parties have narrowed their dispute to the question of whether John Croix may testify. As such, the Court focuses exclusively on that issue.

On January 7, 2016, plaintiffs identified as potential witnesses "Any witness identified in the deposition of William Bell."[2] While plaintiffs' disclosure is one that future litigants should follow at their own risk, the Court is convinced, in these circumstances, that the defendants were—or at least fairly should have been—fully alerted as to the possibility of Mr. Croix being a witness. *Cf. Transcenic, Inc. v. Google Inc.*, No. 11-582, 2014 WL 7478028, at *1 (D. Del. 2014) ("The witnesses Transcenic describes as previously undisclosed were adequately disclosed by Defendant Google, Inc. . . . including by incorporating by reference a former defendant's initial disclosures, which included "authors of prior art publications or inventors of patents

---

[1] R. Doc. No. 249.
[2] R. Doc. No. 249-2, at 6. Mr. Bell's deposition had already occurred on December 2, 2015.

relevant to the subject matter of the RE '289 patent . . . ."). That is all the more true given that a review of the deposition makes clear that there was a multi-page discussion of Mr. Croix, which established that Mr. Croix is the only sailor that Mr. Bell testified he remained in touch with. *See* Bell Dep. 125:4-127:4. This is not a situation where the plaintiff is engaged in ambush litigation, and the Court declines to treat it as a case where a plaintiff is plucking a name of which the defendants had no awareness of out of a lengthy record.

Further, even if the disclosure technically fell short, the Court concludes that any error is "harmless," Fed. R. Civ. 37(c), and that permitting Mr. Croix to testify is fully justified, *see, e.g.*, *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th 2010). Mr. Croix's testimony has gained importance to the plaintiffs' case since Mr. Bell, through no fault of plaintiffs, succumbed to mesothelioma, and there will be minimal prejudice to the defendants because they were plainly aware of Mr. Croix and could have deposed him. In addition, any prejudice that exists is further minimized by the Court's recent (and unrelated) permission to refile summary judgment briefs and six month continuation of the trial date. Further, to additionally minimize any prejudice, the Court will grant permission to depose Mr. Croix even though discovery has ended.[3] Finally, plaintiffs' explanation of their conduct, though by no means ideal, does not convince the Court that this is a situation where plaintiffs are engaged in any sort of malfeasance where stricter sanctions would be necessary

---

[3] Defendants' claims of serious prejudice related to their export reports strains credulity given the general nature and brevity of the reports that the Court has reviewed.

to deter future misconduct.  Therefore, the Court will permit Mr. Croix to remain on the plaintiffs' witness list.

Accordingly,

**IT IS ORDERED** that defendants' motion to strike John Croix from plaintiffs' witness list is **DENIED**.

**IT IS FURTHER ORDERED** that, should the defendants so request, defendants have permission to depose Mr. Croix before **October 31, 2016**.  Should the parties be unable to arrange a deposition for before October 31, 2016, they should alert the Court no later than **October 19, 2016**.

**IT IS FURTHER ORDERED** that, to the extent that defendants seek to supplement their expert reports to account for the testimony of Mr. Croix, any defendant may file a motion for leave with the Court to supplement their expert reports no later than **November 7, 2016**.  Any motion must include, as an exhibit, the proposed supplementation.  Plaintiffs' opposition to any motion to supplement is due by **November 14, 2016**, though the Court observes that it likely behooves the plaintiffs to be cooperative.

New Orleans, Louisiana, October 12, 2016.

                                                                                                                   LANCE M. AFRICK  
                                                                                               UNITED STATES DISTRICT JUDGE