UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM C. BELL ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-6394** |
| **FOSTER WHEELER ENERGY CORP. ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] for partial summary judgment filed by all of the defendants except Crane Company. They request summary judgment on several issues. For the following reasons, the motion is granted in part and denied in part.

### I.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[1] R. Doc. No. 369.

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine dispute is not satisfied by creating "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine dispute. *Id*. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id*. at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II.

Before beginning the analysis, a brief word on the difference between wrongful death claims and survival claims in the maritime context is warranted. As the Fifth Circuit explained in *Miles v. Melrose*, 882 F.2d 976, 985 (5th Cir. 1989):

> In a survival action, the estate or successors of a deceased person are allowed to prosecute a claim for personal injury that the deceased himself would have had but for his death. In a wrongful death action, the victim's dependents, not the victim, are allowed to recover for the harms they personally suffered as a result of the death, independent of any action the decedent may have had for

2

his own personal injuries. Neither cause of action was permitted at common law, which followed the rule that personal tort actions died with the plaintiff. With that basic understanding in mind, the Court addresses each of the defendants' arguments in turn.

### III.

Defendants first move for summary judgment as to all claims asserted by decedent's brother John Bell ("Bell"). *See* R. Doc. No. 369, at 1. They argue that under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301 *et seq.*, Bell lacks standing to pursue either a wrongful death claim or a survival claim.

The argument for dismissal of the wrongful death claim is premised on 46 U.S.C. § 30302, which provides: "When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, *the personal representative of the decedent may bring a civil action* in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." (emphasis added). The argument for dismissal of the survival claim is premised on the U.S. Supreme Court's decision in *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 118 (1998), which held that survival claims are not permitted in DOHSA actions.

Plaintiffs respond that since their claims are governed by general maritime law and not DOHSA, 46 U.S.C. § 30302 and the Supreme Court's *Dooley* decision are inapposite. Nevertheless, plaintiffs admit that under general maritime law the

3

wrongful death claim must be asserted by plaintiff Vickie Campos ("Campos")—the executrix of the decedent's estate—on Bell's behalf. *See* R. Doc. No. 372, at 15 ("As noted above, Campos, as representative of William Bell's estate, is a proper party to recover on behalf of Bell, a wrongful death beneficiary."). They argue that the reason Bell was joined as a plaintiff was because he is the proper party to assert wrongful death and survivor claims for the exposures that occurred in Idaho. *See* R. Doc. No. 372, at 15 ("John Bell is a proper party for those exposures occurring at the Idaho facility regardless of whether Idaho law or Louisiana law is applied.").

The confusion regarding which plaintiff is asserting which claim can be traced to the plaintiffs' third amended complaint. After William Bell passed away, Bell and Campos joined the lawsuit seeking "to assert any and all rights and claims to which they are entitled as a result of the injuries and death of William Bell, as well as to assert any and all survival and wrongful death claims to which they are entitled." *See* R. Doc. No. 111, at 1. The complaint does not specify which claims Bell is pursuing and which claims Campos is pursuing.

It is now clear from the briefing that all parties agree that Bell cannot himself assert a wrongful death claim or a survival claim based on the exposures William Bell allegedly sustained on ships. Those claims must be pursued by Campos, the executrix of William Bell's estate. *See Manson Gulf LLC v. Modern Am. Recycling Serv. Inc.*, No. 15-3627, 2016 WL 3020843, at *1 (E.D. La. May 26, 2016) (Barbier, J.) ("It is well settled that only the personal representative of the decedent has standing to bring an

action for wrongful death or survival under the general maritime law." (citation omitted)).

It is also clear that with respect to the alleged Idaho exposures, Bell is the appropriate party to assert the claims regardless of whether Louisiana law or Idaho law applies (an issue which will be decided in a separate order). *Compare* Idaho Code Ann. § 5-311(1) ("When the death of a person is caused by the wrongful act or neglect of another, *his or her heirs* or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . .") *with* La. Civ. Code arts. 2315.1 (survival action) *and* 2315.2 (wrongful death action); *see also Turner v. Busby*, 883 So. 2d 412, 416 (La. 2004) (holding that in Louisiana, "[t]o recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary as prescribed by La. Civ. Code arts. 2315.1 and 2315.2.").[2]

But the parties still dispute whether—irrespective of whether the claim is advanced by Bell or by Campos—a survival action is permitted for the asbestos exposures that occurred on ships. On this issue, the Court agrees with the plaintiffs that general maritime law and not DOHSA applies. Indeed, there is evidence in the record that William Bell's exposures occurred both on the high seas (more than 3 nautical miles from shore) and in territorial waters. *See, e.g.*, R. Doc. No. 372-3, at 15 (William Bell's deposition testimony that roughly 40% of his Navy service was

---

[2] As discussed in the Court's order regarding choice of law, Idaho does not permit survival actions.

spent at sea and 60% of his service was spent working on ships in port). Defendants do not challenge that evidence.

As other courts have recognized, where a seaman dies from an indivisible injury which occurred both in territorial waters and on the high seas, *Dooley*'s prohibition on survival actions in DOHSA cases does not apply and the plaintiff may pursue a survival action under general maritime law. *See Hays v. John Crane, Inc.*, No. 09-81881, 2014 WL 10658453, at *2 (S.D. Fla. Oct. 10, 2014) ("The Court is unaware of any case that has held that DOHSA restricts the recoverable damages for an indivisible injury in a case where some of the exposure to asbestos-containing products occurred on the high seas and some occurred in territorial waters."); *John Crane, Inc. v. Hardick*, 732 S.E.2d 1, *3 (Va. 2012) (applying general maritime law to allow a survival claim where the decedent's asbestos exposure during his Navy service occurred both in territorial waters and on the high seas).[3] The Court is in agreement with those cases, and it has not been directed to any on-point authority suggesting a contrary result. Accordingly, the survival claim is not barred by DOHSA. This part of the motion for summary judgment is denied.

## IV.

Defendants next move for summary judgment as to "[a]ll claims asserted by Vickie G. Campos in her personal capacity, and not her capacity as personal

---

[3] *See also Smith v. Ithaca Corp.*, 612 F.2d 215, 226 (5th Cir. 1980), *abrogated on other grounds by Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) (holding that survivors can recover under general maritime law where the decedent's benzene exposures occurred both on the high seas and in territorial waters).

6

representative of Decedent, because Ms. Campos has no personal right or cause of action for wrongful death, loss of consortium, or any other damages in her personal capacity under the general maritime law applicable to this case." R. Doc. No. 369, at 1.

It is undisputed that Campos is William Bell's personal representative for purposes of the administration of his estate. *See* R. Doc. No. 369-1, at 1. She was not William Bell's spouse and she is not his relative. Defendants state that Campos was William Bell's girlfriend, a characterization which the plaintiffs do not contest. Nonetheless, the third amended complaint states that Campos is pursuing claims "*individually* and as the executrix and personal representative of the estate of William Bell." *See* R. Doc. No. 111, at 1 (emphasis added).

As she is neither related to William Bell nor was she his spouse, the Court is aware of no authority which would allow Campos to recover in her personal capacity under either Louisiana law, Idaho law, or general maritime law. Further, the plaintiffs do not attempt to contest the defendants' arguments. Accordingly, the motion for summary judgment as to all claims asserted by Campos in her individual capacity is granted.

### V.

Third, defendants argue that Bell cannot recover any damages for wrongful death because he was not a "dependent relative" of William Bell. While the defendants' arguments are premised on the applicability of DOHSA to this action,

which the Court has already held does not apply, the arguments are nevertheless addressed under the general maritime law framework.

Bell and his brother, William Bell, were roommates prior to William Bell's diagnosis of mesothelioma. Because of his age, Bell is unable to live without assistance. When William Bell moved from the family home in Metairie, Louisiana to undergo treatment in Houston, Texas, Bell claims he was forced to move into an assisted-living facility. As defendants admit, there is evidence in the record that it was more expensive for Bell to live in the assisted-living facility than it was for him to live in the family's prior home with his brother. *See* R. Doc. No. 372-10.

The plaintiffs argue that the increase in Bell's living expenses is compensable under general maritime law. Further, although the plaintiffs' brief does not explicitly state that Bell suffered nonpecuniary losses such as grief or mental anguish as the result of his brother William's death, the brief does argue that such nonpecuniary damages are available under general maritime law. *See* R. Doc. No. 372, at 13-14 (relying primarily on *Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015) (Fallon, J.)). As Bell is the only plaintiff who would potentially be in a position to recover nonpecuniary damages on a wrongful death claim, the Court assumes that plaintiffs seek such damages for Bell.

## A.

First, because William Bell was a seaman, nonpecuniary losses are not recoverable on the wrongful death claim under general maritime law. *See, e.g., Lewis v. Noble Drilling Servs., Inc.*, No. CV 15-1018, 2016 WL 3902597, at *3 (E.D. La. July

19, 2016) (Morgan, J.) ("In light of the Supreme Court's and the Fifth Circuit's precedents, it is clear a Jones Act seaman or his or her representative cannot recover nonpecuniary losses for wrongful death under the Jones Act or the general maritime law."); *Savoie v. Chevron Texaco*, No. 04–1302, 2005 WL 2036740, at *2 (E.D. La. July 22, 2005) (collecting cases). Since his decision in *Collins* (the opinion on which plaintiffs rely), Judge Fallon has also concluded that "in wrongful death cases brought under general maritime law, a survivor's recovery from employers and non-employers is limited to pecuniary losses." *See Wade v. Clemco Indus. Corp.*, No. 16-502, 2017 WL 434425, at *5 (E.D. La. Feb. 1, 2017) (Fallon, J.). These decisions spring largely from the Supreme Court's opinion in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), and the Fifth Circuit's en banc opinion in *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382 (5th Cir. 2014). This Court agrees with the legal analysis enumerated by Judges Morgan and Fallon in *Lewis* and *Wade*.

However, it is important to recognize that if the decedent was not a seaman, the Supreme Court's decision in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996), allows general maritime law remedies to be supplemented with applicable state law remedies. *See Yamaha*, 516 U.S. at 214-15 (drawing a distinction between "seafarers" and "nonseafarers," and holding that the general maritime wrongful death action does not preempt state remedies in cases involving the death of a nonseafarer in territorial waters). Accordingly, if William Bell was considered a seaman, then Bell is limited to only those damages available under general maritime law. *See Savoie*, 2005 WL 2036740 at *3 ("Whether Mrs. Savoie and her children can

9

maintain a claim for non-pecuniary damages depends on whether Merlin Savoie qualifies as a [seaman].").

The Court finds, based on the undisputed record evidence, that William Bell was a seaman as set forth in *McDermott International, Inc. v. Wilander*, 498 U.S. 337 (1990). There, the Supreme Court recognized that in order to be considered a seaman "[i]t was only necessary that a person be employed on board a vessel in furtherance of its purpose," and that "[a]ll who work at sea in the service of a ship" or those who "contribut[e] to the function of the vessel or to the accomplishment of its mission" are seamen. 498 U.S. at 347, 354-55. Unquestionably, William Bell—who worked as an engineman, machinery repairman, and machinist mate aboard various U.S. Navy ships—met this definition. The plaintiffs appear to concede as much. *See* R. Doc. No. 372, at 2 n.1 (characterizing William Bell as a "Navy sailor"); R. Doc. No. 372, at 9 (seeking to take advantage of *Crane*, 2014 WL 10658453, at *3, whose holding turned in part on the decedent's seaman status). Accordingly, under general maritime law, Bell may not recover nonpecuniary damages he suffered as a result of William Bell's death.[4] The motion for summary judgment as to this claim is granted.

---

[4] Even if nonpecuniary damages were available, there is no evidence in the record that Bell sustained such damages here. The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex Corp.*, 477 U.S. at 323. Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. The plaintiffs have not offered any evidence in support of their claim that Bell sustained nonpecuniary damages.

**B.**

As stated above, under general maritime law a survivor may recover pecuniary losses incurred as a result of the decedent's death. *See Wade*, 2017 WL 434425 at \*5. Recoverable pecuniary losses include "loss of support" and "loss of household services." *See Neal v. Barisich, Inc.*, 707 F. Supp. 862, 868-69 (E.D. La.), *aff'd*, 889 F.2d 273 (5th Cir. 1989); *see also Complaint of Patton-Tully Transp. Co.*, 797 F.2d 206, 213 (5th Cir. 1986) ("Where a family unit is maintained by dependence on a single family member, each of the dependents may recover for their losses in a . . . wrongful death claim under general maritime law.").

There is sufficient evidence in the record to allow Bell's wrongful death claim for pecuniary damages to go forward. Defendants admit that there is evidence in the record that Bell's living expenses increased as the result of his brother's death. *See* R. Doc. No. 372-10. The *Patton-Tully* case cited above makes clear that surviving siblings may be considered dependents. *See Patton-Tully Transp. Co.*, 797 F.2d at 212-213. Bell's loss of services, if proven, may be compensable. The motion for summary judgment on Bell's wrongful death claim for pecuniary damages is denied.

**VI.**

Finally, defendants move for summary judgment as to "[a]ll claims for non-pecuniary damages for wrongful death or Decedent's pre-death pain and suffering asserted by Plaintiffs as no such damages are recoverable under the maritime law applicable to this case." R. Doc. No. 369, at 2. The Court has already held that Bell's

alleged nonpecuniary damages are not recoverable. The question is now whether decedent William Bell's nonpecuniary damages are recoverable in a survival action under general maritime law.

"[T]here can be no question that injured seamen can seek recovery for their own pain and suffering under the Jones Act and the general maritime law." *McBride*, 768 F.3d at 424 (Higginson, J., dissenting) (citing *Douse v. Global Pipelines Plus*, 253 Fed. App'x. 342 (5th Cir. 2007)). Further, under the Jones Act, the decedent's estate can bring a survival action to recover all losses suffered during the decedent's lifetime. *See* 45 U.S.C. § 59 (incorporated by reference into the Jones Act per 46 U.S.C. § 30104). While only pecuniary losses are available under the Jones Act, the term "pecuniary" has been extended beyond its typical meaning to encompass the decedent's pain and suffering. *See In re Denet Towing Serv., Inc.*, No. 98-1523, 1999 WL 329698, at *4 (E.D. La. May 21, 1999).

Turning to the general maritime law context, the Court rejects plaintiffs' argument that nonpecuniary damages are recoverable in a survival action. Significantly, the most recent case the plaintiffs cite in their briefing on this issue dates from 2008. *See* R. Doc. No. 372, at 10-12. As such, their arguments do not account for significant Supreme Court and Fifth Circuit decisions in this area which have been decided since that time. *See, e.g.*, *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009); *McBride*, 768 F.3d at 384 (en banc). As other sections of this Court have recently recognized and clarified, in survival actions brought under general maritime law, recovery from employers and non-employers alike is limited to

12

pecuniary losses. *See Wade*, 2017 WL 434425, at *5 ("Although the result may be different under another body of law, the Fifth Circuit has now made it clear that under both the Jones Act and general maritime law, a [deceased] seaman's damages against both employers and non-employers are limited to pecuniary losses."); *see also Lewis*, 2016 WL 3902597 at *5 (Morgan, J.) ("Further, the Court notes that the Fifth Circuit's decision in [*Scarborough v. Clemco Industries, Inc.*, 391 F.3d 660 (5th Cir. 2004)], which held that a Jones Act seaman, or his survivors, may not recover nonpecuniary damages against either his employer or a non-employer, is binding on this Court and has never been overruled.").

Accordingly, only pecuniary damages are available in a survival action under general maritime law. Nevertheless, the question remains whether damages for the decedent's pre-death pain and suffering are pecuniary or nonpecuniary. As noted above, such damages are considered to be pecuniary in the context of a Jones Act claim. *See Denet Towing*, 1999 WL 329698 at *4; *see also Miles*, 498 U.S. at 22 (allowing the plaintiff's estate to recover for the pre-death pain and suffering of the decedent seaman). The Court finds that claims for pre-death pain and suffering should be treated similarly under general maritime law. The relevant case law supports this view. *See Neal*, 707 F. Supp. at 867 (holding that damages for pre-death pain and suffering "are considered pecuniary damages, recoverable as survival damages to the decedent's estate under both the Jones Act and general maritime law" (citing *De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 141 (5th Cir. 1986) (classifying damages for "predeath pain and suffering" as "pecuniary")). Further,

though admittedly strange when compared with the usual understanding of the term "nonpecuniary," this view comports with the traditional maritime classification of pre-death pain and suffering as a pecuniary loss.

In short, although the defendants focus on DOHSA, the Court agrees with defendants that nonpecuniary damages may not be recovered in a survival action under general maritime law. Nevertheless, because damages for the decedent's pre-death pain and suffering are considered pecuniary damages in the maritime context, such damages may be recoverable with regard to the survival claim. Defendants' motion for summary judgment as to this issue is therefore denied.

## VII.

For the foregoing reasons,

**IT IS ORDERED** that the defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

New Orleans, Louisiana, March 6, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**